UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| DEBORAH ROWLEY, | |
|     Plaintiff, | 3:14-cv-00196-RCJ-WGC |
| vs. | **ORDER** |
| CAROLYN W. COLVIN, | |
|     Defendant. | |

    Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 23). For the reasons given herein, the Court grants the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

    On April 1, 2014, Plaintiff Deborah Rowley filed her Complaint seeking judicial review of a final denial of her application for disability benefits under the Social Security Act. (ECF No. 1). After the Court remanded the case, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner"), found Plaintiff disabled and issued two Notices of Award stating that the agency owed Plaintiff $52,891.46 in past-due benefits.[1] (Notices of Award, 1, 7, ECF No. 23-2). On August 12, 2015, the Court granted the parties' joint stipulation to award $4,700 in attorney fees under the Equal Access to Justice Act ("EAJA"). (Order, ECF No. 22). Plaintiff's counsel seeks $13,111 in attorney fees pursuant to 42 U.S.C. § 406(b) and as provided in a contingency-fee agreement between counsel and Plaintiff. The Commissioner responded to

---

[1] Plaintiff's counsel states the total was $52,444, but the Court calculates a total of $52,891.46.

1

the motion but declines to take a position regarding the reasonableness of the fees requested. (*See*

Resp., ECF No. 24).

## II. LEGAL STANDARDS

Under 42 U.S.C. § 406(b)(1)(A):

> [w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee [to claimant's attorney] for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In determining whether the fees are reasonable, the reviewing court must respect "the primacy of lawful attorney-client fee agreements" but also test them "for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 808 (2002)). "Performance of that duty must begin, under *Gisbrecht*, with the fee agreement, and the question is whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. A district court may reduce a fee resulting from a contingency-fee agreement "[1] if the attorney provided substandard representation or [2] engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or [3] if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney requesting the fees "bears the burden of establishing that the fee sought is reasonable." *Id.*

## III. ANALYSIS

To begin, Plaintiff and her counsel entered a contingency-fee agreement by which Plaintiff agreed to pay counsel twenty-five percent of past-due benefits awarded to her under § 406(b). (Representation Agreement, ¶ 1, ECF No. 23-3). The agreement also informed Plaintiff she would receive a refund of any fee awarded under the EAJA. (*Id.* ¶ 5). Plaintiff's counsel

2

1  requests fees of $13,111, or 24.8 percent of the past-due benefits awarded to Plaintiff under §

2  406(b). Plaintiff's counsel has provided ample support to show the fee is reasonable.

3  No evidence suggests that counsel provided anything but effective representation or that

4  he engaged in dilatory conduct to increase the amount of past-due benefits. In addition, counsel

5  has submitted a record detailing the 26.1 hours he and an associate attorney spent working on the

6  case. (*See* Time Records, ECF Nos. 25-2, 25-3). The work documented appears to be reasonable

7  and proportional to the time required for this type of case. With a fee of $13,111, the hourly rate

8  would equal $502.34 per hour ($13,111 ÷ 26.1). This rate falls within the range of rates that

9  district courts have found to be reasonable under § 406(b). *See, e.g.*, *Hearn v. Barnhart*, 262 F.

10 Supp. 2d 1033, 1037 (N.D. Cal. 2003) (reviewing cases with attorney fee awards of effective

11 hourly rates ranging from $187.50 to $694.44); *Shuffield v. Colvin*, No. 2:12-CV-00243-KJD,

12 2014 WL 2041935, at *2 (D. Nev. May 15, 2014) (rate of $900 per hour); *Hunnicut-Lott v.*

13 *Comm'r of Soc. Sec.*, No. 12-CV-2741, 2015 WL 7302734, at *2 (S.D. Cal. Nov. 18, 2015) (rate

14 of $531 per hour and reviewing cases with fee awards from $643.40 to $973.78 per hour).

15 The Court finds that a fee of $13,111 is reasonable, requires no reduction, and should be

16 awarded to Plaintiff's counsel. The Court grants the motion.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney Fees (ECF No. 23) is GRANTED. Plaintiff's counsel is awarded $13,111 in attorney's fees and shall reimburse Plaintiff the amount of $4,700 previously paid to him under the EAJA.

IT IS SO ORDERED.

DATED: This 10th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge